# CILENTI & COOPER, PLLC
ATTORNEYS AT LAW
10 Grand Centra
155 East 44th Street - 6th Floor
New York, New York 10017
_____
Telephone (212) 209-3933
Facsimile (212) 209-7102

April 2, 2021

**REQUEST FOR APPROVAL
OF AN FLSA SETTLEMENT**

**BY ECF**
Hon. Robert M. Levy, U.S.M.J.
United States District Court
Eastern District Court
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   *Ricardo and Oswaldo Navarrete v. Corona Farm Corp. et. al.*
      Case No.:   20 Civ. 4603 (RML)

Dear Judge Levy,

    This firm represents Plaintiffs Ricardo and Oswaldo Navarrete ("Plaintiffs") in the above-referenced action and write jointly with counsel for Defendants seeking approval of a settlement of the instant action. For the reasons set forth below, we respectfully request that the Court approve the settlement, which the parties believe is fair and reasonable and complies with the relevant Second Circuit mandates for settlement of wage and hour cases.

    The case has been referred to this court's jurisdiction for all purposes [Docket 14]. A copy of the agreement is provided with this letter (Exhibit "A").

    The Complaint alleged federal and state overtime violations under the FLSA and New York Labor Law. Defendants denied these allegations.

**Proposed Settlement**

    The parties and their counsel have determined that the interests of all concerned are best served by settling and exchanging a release of all wage and hour claims stemming from Plaintiffs' employment, and dismissing this action with prejudice in exchange for $100,000.00. Based upon the reasons outlined in this letter,

Robert M. Levy, U.S.M.J.
April 2, 2021
Page 2

the parties respectfully request the Court enter an order approving the settlement as fair and reasonable and dismiss the case with prejudice.

**Factual Background of Claims and Defenses**

Plaintiffs are brothers who worked behind the meat counter at Corona Farm, a market in the Corona neighborhood of Queens. They were employed by Defendants from 2019 through mid-2020, approximately sixteen (16) months. Plaintiffs allege that during all relevant times, they worked an average of seventy-two (72) hours per week and were compensated for the hours work but without overtime compensation.

Defendants' position is that Plaintiffs were paid in full for all hours worked and that they are entitled to no unpaid wages. Defendants maintained some payroll records during the relevant time period but acknowledged record-keeping deficiencies. Defendants' alleged that Plaintiffs' regular rate of pay was in excess of the minimum wage. The two individual's claims were similar because the hours, pay and period of employment were similar for both Plaintiffs. The claim was brought only by two (2) individuals and there are no unrepresented parties. Indeed, the employer is a single location, small market in Queens, and no other individuals will be affected by the settlement of this case.

**The Proposed Settlement is Fair and Reasonable**

The parties have analyzed the settlement as "fair and reasonable." The frequently-cited *Wolinsky* analysis requires the parties to analyze "(1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic, Inc.,* 900 F.Supp.2d 332, 335-6 (S.D.N.Y. 2012). For the reasons described below, the proposed settlement satisfies these factors.

*Plaintiffs' Damages:*

Plaintiffs' counsel calculated Plaintiffs' damages during the relevant time period. If fully successful, based on Plaintiffs' damage calculations, each would have been entitled to almost $50,000, plus liquidated damages, interest and attorneys' fees. However, defendants vehemently denied that plaintiffs worked the number of hours alleged. Plaintiffs' proof was going to be supported only by their own testimony, and because the market also had credible witnesses, the ultimate outcome was unpredictable and the burden of proof for all parties was expected to be difficult. Notably, plaintiffs had no witnesses to support their claim; defendants had several witnesses who would have called into question plaintiffs' credibility. Plaintiffs'

Robert M. Levy, U.S.M.J.
April 2, 2021
Page 3

counsel estimated that the plaintiffs had a fifty percent (50%) chance of prevailing on their "off the clock" claims; as such, the settlement sum plaintiff will accept appropriately contemplates a possibility that plaintiffs would not have completely prevailed at trial.

Moreover, the settlement was reached with the assistance of an experienced mediator, Andrew Nadolna, Esq. at JAMS, who held multiple telephone calls with counsel in this matter. Mr. Nadolna generously accepted the EDNY program's rate, which was a significant reduction from his normal rate as a private mediator. He has deep experience with FLSA cases, and his assistance was valuable. The parties appreciate his service in this case.

In considering whether a settlement is fair and reasonable, the principal question is "whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Le v. SITA Info. Networking Computing USA, Inc.*, 2008 WL 724155 at *1 (E.D.N.Y. 2008) (*quoting Lynn's Food Stores v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982). In this case, as the court is aware, collectability of a large judgment would have been a factor.

*Attorneys' fees:*

Plaintiffs' counsel has incurred approximately in excess of $840.00 in expenses for the cost of this litigation to date for filing, service, and mediation. Additionally, Plaintiffs' counsel has spent significant time on this matter analyzing the payroll practices / records, doing informal discovery, and engaging in settlement negotiations / mediation.

Accordingly, the total settlement amount of $100,000.00 will include reimbursement of costs in the amount of $840.00, followed by distribution as follows: one-third to Plaintiff Ricardo Navarrete, one-third to Plaintiff Oswaldo Navarete, and one-third to counsel. Plaintiffs are in agreement with this breakdown, which is consistent with their retainer agreement with counsel, and accept it as fair and reasonable in light of the above.

Attorneys' fees in FLSA settlements are properly examined, to ensure that the interests of plaintiff's counsel did not adversely affect the extent of the relief counsel procured for the clients. *Wolinsky v. Scholastic*, 900 F.Supp.2d 332, 336 (S.D.N.Y. 2012). Plaintiffs' counsel expended more than forty (40) hours of attorney time in the case.

The attorney time involved meeting with the plaintiffs on multiple occasions prior to and after filing the complaint; drafting the lawsuit; multiple conferences with the defendants; reviewing payroll documents and drafting automatic disclosures;

participating in good faith in the settlement negotiations; and reaching an agreement; and drafting / executing the written agreement, and seeking this court's approval.

Of the total settlement, counsel for plaintiff seeks one third (33%), in satisfaction of attorneys' fees and $840 for out-of-pocket costs (the filing fee and service of process, and mediator's fee). The retainer agreement with the plaintiffs provides for one-third (1/3) and this is consistent with the attorneys' fees permitted in other similar cases.

Indeed, early resolution does not favor Plaintiffs' counsel, as protracted litigation would have led to increased costs and expenses, while plaintiffs themselves may not have fared any better.

**Efficiency and Litigation Risks**

Both factual and legal disputes presented risk to Defendants' defenses and Plaintiffs' likelihood of recovering the full amount of damages outlined above.

Though the parties differ in their respective positions as to the claims alleged in the Complaint, all parties recognize the risk associated with this litigation. Significant arms-length negotiation occurred that has resulted in an agreement in principle to settle the matter for $100,000.00. The adversarial nature of this litigation weighs in favor of finding the proposed settlement to be fair and reasonable and not the result of overreaching on the part of the employer or some kind of collusion on the part of counsel with the owner. Indeed, the case ultimately settled after multiple meetings between counsel following informal discovery and settlement discussions between counsel and with their parties participating. Both sides were represented by experienced attorneys well prepared to discuss the risks and possible outcomes (appreciating their own strengths and weaknesses), had we not resolved. The fact that payment in full rather than plaintiff being forced to bear the risk of future payments makes this a particularly safe and efficient resolution, lending additional credit to its fairness.

The written settlement agreement (the "Settlement Agreement"), is annexed as Exhibit "A". The defendants have tendered the settlement, which we hold in escrow pending approval and dismissal of the case. The parties respectfully note the settlement avoids the risk of non-payment and the risk of obtaining an uncollectible judgment, both of which the court is keenly aware are ever present in similar cases.

**Arms-Length Negotiations**

The proposed settlement represents arms-length negotiations without fraud or collusion. Both parties are represented by competent counsel. The terms of the settlement agreement were arrived at after significant negotiations and discussions

Robert M. Levy, U.S.M.J.
April 2, 2021
Page 5

and with the assistance of the EDNY-appointed mediator Andrew Nadolna, Esq. from JAMS.

**Conclusion**

      For all of these reasons, on behalf of all parties, we respectfully request that the court approve the settlement, and dismiss the case. The parties and counsel are available to the court at its convenience in the event the court has any questions about the settlement reached in this case.

      On behalf of all parties, we thank the court for its consideration of this matter.

      Respectfully submitted,
      /s/ *Peter H. Cooper*
      Peter H. Cooper

cc:    Nicholas James Mattia, Esq. (Via ECF)