UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RICARDO NAVARRETE and
OSWALDO NAVARRETE,                                      Case No.: 20 cv 4603 (RML)

                                    Plaintiffs,

        -against-

CORONA FARM CORP. *dba* CORONA FARM,
JESUS LEAL, and ALBERTO LEAL,

                                    Defendants.

**WHEREAS**, the plaintiffs filed a Complaint in the within court under both the Fair

Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et. seq.*, and the New York Labor Law,

wherein the plaintiffs claimed the defendants allegedly failed to pay proper minimum wages,

overtime compensation, and spread of hours pay.

**WHEREAS,** the purpose of this Agreement is to fully and finally settle all obligations

and/or differences between plaintiffs and defendants, including but not limited to a resolution of

all claims that plaintiffs filed against the defendants, their heirs, executors, successors, assigns,

principals, agents, officers, and attorneys, regarding the foregoing's alleged failure to pay wages,

including but not limited to minimum wages, overtime compensation, and spread of hours pay

and related penalties under state and/or federal law.

**WHEREAS**, defendants have denied and continue to deny each and every allegation

made by plaintiff in the complaint and throughout this litigation.  Nonetheless, without admitting

or conceding any liability or damages whatsoever and without admitting that any wages and/or

overtime were improperly withheld, defendants have agreed to settle this litigation on the terms

and conditions set forth in this Agreement to avoid the burden, expense, and uncertainty of

continuing litigation, particularly where it would cost the defendants greatly to prove the lack of factual or legal basis to the allegations contained in plaintiffs' complaint.

**WHEREAS,** plaintiffs' attorneys have analyzed and evaluated the merits of the claims made against the defendants in plaintiff's complaint, the impact of this Agreement on the plaintiffs, and has engaged in discovery. Based upon their analysis and evaluation of several factors, and recognizing the substantial risks of continued litigation, including the possibility that, if not settled now, the litigation may not result in any recovery whatsoever or may result in a recovery that is less favorable to the plaintiffs, plaintiffs' attorneys are satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate that this Agreement is in the best interest of the plaintiff.

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, that the parties hereto agree to a full and complete settlement of this litigation upon the following terms and conditions:

1.  The above-captioned matter is settled for the total sum of ONE HUNDRED THOUSAND DOLLARS ($100,000.00).

2.  The settlement amount shall be paid as follows:

    a.  On or before April 15, 2021, or within ten (10) days after the court's approval of the settlement, whichever date is later, defendants shall deliver to the law firm Cilenti & Cooper, PLLC, one draft, in the amount of ONE HUNDRED THOUSAND DOLLARS ($100,000), payable to "CILENTI & COOPER, PLLC, as attorneys".

3.  **Other Payments.** Except as provided in this Agreement, no other payments are owed. The payments made herein include all attorneys fees, back pay, overtime pay, liquidated

damages, punitive damages, or other damages, which could be claimed by the plaintiffs or plaintiffs' attorneys.

4.    **Release of Claims.**   Plaintiffs knowingly and voluntarily release and forever discharge Defendants, their employees, owners, manager, stockholders, agents, attorneys, heirs and assigns, and from claims filed in the case, including alleged violation of:

A. The National Labor Relations Act, as amended;
B. Title VII of the Civil Rights Act of 1964, as amended;
C. Sections 1981 through 1988 of Title 42 of the United States Code, as amended;
D. The Employee Retirement Income Security Act of 1974, as amended;
E. The Immigration Reform and Control Act, as amended;
F. The Americans with Disabilities Act of 1990, as amended;
G. The Age Discrimination in Employment Act of 1967, as amended;
H. The Older Workers Benefit Protection Act of 1990;
I. The Fair Labor Standards Act, as amended;
J. The Family and Medical Leave Act of 1993, as amended;
K. The Occupational Safety and Health Act, as amended;
L. The United States or New York Constitutions, including any claims for violation of the right to privacy;
M. All New York State Laws, including but not limited to:
   1. The New York Human Rights Law, as amended;
   2. The New York City Charter and Administrative Code, as amended;
   3. The New York Executive Law Section 290, et. al., as amended;
   4. The New York State Labor Relations Act, as amended;
   5. The New York Labor Law, as amended;
   6. The New York Equal Rights Law, as amended;
   7. The New York Wage Hour and Wage Payment Laws, as amended;
   8. The New York Minimum Wage Law, as amended;
   9. The New York Equal Pay Law, as amended.
N. Any wrongful discharge claims;
O. Any misrepresentation, fraud or defamation claims; and
P. Any claims for costs, fees or other expenses, including attorneys' fees incurred or claimed in relation to this Agreement or any matters covered by this Agreement.

5.    Withdrawal of Existing Complaint.   Plaintiffs agree to withdraw the above-entitled action and to fully execute any and all documents required by the United States District Court, for the Eastern District of New York to effectuate this withdrawal including a Stipulation

of Dismissal, to be filed promptly upon payment of the settlement amount described in paragraph two (2).

7.    Taxes.  Plaintiffs understand and agree that they are receiving a gross sum and Defendants are not withholding federal, state or local income taxes, FICA, Social Security, Medicare, or any other withholding, and therefore agree to pay all taxes which may be due in the event a governmental taxing authority determines that any such taxes are due.  Plaintiffs further agree to indemnify and hold Defendants harmless from all liabilities for failing to withhold the foregoing tax items from the payments to them and to pay Defendants' costs and expenses, including, without limitation, attorneys' fees, incurred if such a claim is made.

8.    Non-Disparagement.  The Plaintiffs and the Defendants agree not to make any statements or take any actions, written or verbal, or cause or encourage others to make any statements or take any actions, written or verbal, that defame, disparage, demean or in any way criticize or interfere with the personal or business reputation of the other. The Plaintiffs and Defendants acknowledge that this prohibition extends to statements, written or verbal, made to anyone, including but not limited to, the news media, investors, potential investors, competitors, vendors, employees (past, present, or future), customers, future employers, or prospective future employers.  The Plaintiffs and Defendants understand and agree that this paragraph is a material provision of this Agreement and that any breach of this paragraph shall be a material breach of this Agreement, and that each of the Plaintiffs and Defendants would be irreparably harmed by violation of this provision. This Paragraph shall not be interpreted to prevent the parties from making truthful statements concerning the claims and defenses asserted in this action.

9.      Attorneys' Fees.  In the event it becomes necessary for either party to bring an action to enforce any terms, covenants, or conditions of this Agreement, the prevailing party shall be entitled to recover its costs and expenses from the other party, including, without limitation, reasonable attorneys' fees.

10.     Counterparts.  This Agreement may be signed in counterparts, all of which shall constitute collectively one agreement and when so executed shall be legally binding.  Facsimile or .pdf versions of the original shall be accepted and enforceable as if they were an original.

The parties knowingly, voluntarily and with the approval of their counsel executed this Agreement as of the date set forth below:

*[SIGNATURE PAGE FOLLOWS – REMAINDER OF THIS PAGE LEFT BLANK]*

5

**THIS IS A LEGAL DOCUMENT – READ CAREFULLY BEFORE SIGNING.**

The parties knowingly, voluntarily and with the approval of their counsel executed this Agreement as of the date set forth below:

AGREED TO BY PLAINTIFFS:

_Ricardo Navarrete_      _03/24/21_
RICARDO NAVARRETE      Date

STATE OF NEW YORK    )
                       ) SS.:
COUNTY OF NEW YORK )

On _3/24/2021_, before me personally came Ricardo Navarrete, and acknowledged that he had read the foregoing Release and fully understood its terms and conditions, and executed the same as his free act and deed.

_____
Notary Public

PETER H. COOPER
**Notary** Public, State of New York
No. 02CO5059941
Qualified in New York County
**Commission** Expires MAY 6, 20 22

_____      _03/24/21_
OSWALDO NAVARRETE      Date

STATE OF NEW YORK    )
                       ) SS.:
COUNTY OF NEW YORK )

On _24/3/2021_, before me personally came Oswaldo Navarrete, and acknowledged that he had read the foregoing Release and fully understood its terms and conditions, and executed the same as his free act and deed.

_____
Notary Public

PETER H. COOPER
**Notary** Public, State of New York
No. 02CO5059941
Qualified in New York County
**Commission** Expires MAY 6, 20 22

CILENTI & COOPER, PLLC
BY:

_____
PETER H. COOPER, ESQ.
Attorney for Plaintiffs

6

AGREED TO BY DEFENDANTS:

_____
ALBERTO LEAL

_____
JESUS LEAL

CORONA FARM CORP. *dba* CORONA FARM,

BY: _____

Jesus Leal, President

STATE OF NEW YORK )
                                        ) s.s.:
COUNTY OF  Queens )

On the 31st day of March, 2021, before me, the undersigned, personally appeared, ___Alberto Leal___, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is(are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
NOTARY PUBLIC

STATE OF NEW YORK )
                                        ) s.s.:
COUNTY OF  Queens )

On the 31st day of March, 2021, before me, the undersigned, personally appeared, ___Jesus Leal___, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is(are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
NOTARY PUBLIC

STATE OF NEW YORK )
                                        ) s.s.:
COUNTY OF  Queens )

On the 31st day of March, 2021, before me, the undersigned, personally appeared, ___Jesus Leal___, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is(are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
NOTARY PUBLIC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RICARDO NAVARRETE and
OSWALDO NAVARRETE,

Case No.: 20 cv 4603 (RML)

Plaintiffs,

-against-

CORONA FARM CORP. *dba* CORONA FARM,
JESUS LEAL, and ALBERTO LEAL,

Defendants.

## STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE

IT IS HEREBY STIPULATED that this action has been discontinued and is hereby dismissed with prejudice, without costs or attorneys' fees to any party (other than those specified in the Settlement Agreement and Release of Claims), to any party against any other. This Stipulation may be filed after consummation of the settlement without further notice to any party.

Dated: March 31 , 2021

For the Plaintiff:

CILENTI & COOPER, PLLC

By:_____
Peter Hans Cooper, Esq.
*Attorneys for Plaintiff*
10 Grand Central
155 East 44th Street – 6th Floor
New York, New York 10017
Telephone (212) 209-3933

For the Defendants:

DRUCKER & MATTIA, PLLC

By:_____
Nicholas J. Mattia, Esq.
*Attorneys for Defendants*
37-06 82nd Street – Suite 200
Jackson Heights, New York 11372
Telephone (718) 458-2312

So Ordered:

_____U.S.M.J.

8